# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHEEM LOUIS-EL, | No. 4:19-CV-00384 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WARDEN DAVID EBBERT, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 24, 2020

Plaintiff Raheem Louis-El, a prisoner presently confined at the United States Penitentiary at Big Sandy in Inez, Kentucky, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] regarding various issues he encountered such as the withholding of his personal property and mail tampering while incarcerated at the United States Penitentiary at Lewisburg, in Lewisburg, Pennsylvania.[2] Presently before the Court is Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, which is ripe for adjudication.[3] For the reasons that follow, the Court will grant the motion.

---

[1] 403 U.S. 388 (1971)
[2] ECF No. 1.
[3] ECF No. 22. Although Plaintiff received an extension of time to oppose the motion, Plaintiff has failed to file any such opposition. *See* ECF Nos. 30 (extension request), 31 (order granting request). The Court converted the motion to one for summary judgment limited to the issue of exhaustion of administrative remedies, and provided the parties an additional thirty days in which to submit any supplemental briefing. *See* ECF No. 36. Despite this additional opportunity to oppose the motion, Plaintiff still has filed no opposition.

## I. FACTUAL BACKGROUND

### A. Allegations Contained in the Complaint

Plaintiff is a federal prisoner who at all times relevant to the Complaint was incarcerated at USP Lewisburg.[4] He arrived at USP Lewisburg on February 12, 2018, and a few days later, filed an administrative remedy because he had not yet received his personal property.[5] Plaintiff alleges he was then moved to "B-Block," which he described as a discipline block for inmates who are on Defendant Correctional Officer Scott Buebendorf's monitoring list. While he was housed in B-Block, Plaintiff alleges that Defendant Warden David Ebbert restricted his access to the law library. After Plaintiff filed a grievance regarding the law library, Plaintiff alleges his cell was searched in retaliation.[6]

On March 28, 2018, Plaintiff received an incident report from Defendant Buebendorf for sending special mail to his mother.[7] Plaintiff then filed an administrative remedy with Defendant Ebbert in order to challenge the disciplinary hearing officer's decision and to expunge the sanction he received from the incident report.[8]

Plaintiff alleges that he consulted with Defendant Ebbert regarding his property, the sanctions he had received, and being on mail monitoring without

---

[4] *See* ECF No. 1 at 1.
[5] *Id.* at 2.
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.*

notification, but states that Defendant Warden Ebbert did not resolve the issues.[9] In addition, Plaintiff states that Defendant Buebendorf continued to deprive him of his property without due process of law.[10]

Plaintiff also alleges that he sent "special mail" to his attorney, which never left USP Lewisburg.[11] He believes that it was likely destroyed by Defendant Buebendorf, and that Defendant Warden Ebbert allowed it to happen.[12]

Finally, Plaintiff alleges that that in October 2018, he "phased up to level [two]" of the Special Management United ("SMU") and should have been granted level two privileges, however he was held to level one privileges in an act of discrimination by Defendants Ebbert and Buebendorf.[13]

### B. Statement of Undisputed Facts

The Bureau of Prisons (BOP) maintains a computerized index of all administrative remedies and appeals filed by inmates in its SENTRY database.[14] Each administrative remedy filed by an inmate is given an identification number upon submission.[15] Each number is then followed by a letter representing the level at which that particular remedy was filed.[16] The letter "F" means the remedy was

---

[9] *Id.* at 4.
[10] *Id.* at 5.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 4-5.
[14] ECF No. 26 at 2.
[15] *Id.*
[16] *Id.*

3

filed with the warden at the institution level.[17] The letter "R" indicates the remedy was filed with the Regional Director.[18] The letter "A" means the remedy was filed with the Central Office.[19] The letter is then followed by a number to indicate how many times that remedy was filed or re-filed at that level.[20]

The Administrative Remedy Generalized Retrieval provides details concerning each remedy filed by the inmate including the administrative remedy ID number, the date the remedy was received, a description of the issues raised, the three-letter code of the facility where the event occurred, the date the remedy was responded to, the status code, and the status reason.[21] If the "status code" indicates that the remedy was rejected ("REJ"), then a three-letter code is provided to indicate the reason(s) why the remedy was rejected and how it may be resubmitted.[22] A rejection of an administrative remedy is not a decision on the merits. The BOP does not ordinarily maintain a copy of an administrative remedy that has been rejected.[23]

All of the administrative remedies filed by Plaintiff while in BOP custody are documented on an Administrative Remedy Generalized Retrieval.[24] A review of the BOP's computer generated Administrative Remedy Generalized Retrieval shows

---

[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at 3.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 2.

4

that Plaintiff has filed twenty-seven administrative remedies while in BOP custody.[25] Twenty-three of Plaintiff's administrative remedies were submitted while he was housed at USP Lewisburg.[26] Between the date of Plaintiff's arrival at USP Lewisburg on February 12, 2018, and the filing of his Complaint on March 5, 2019, Plaintiff exhausted two administrative remedies, Remedy Nos. 937119 (an appeal of a disciplinary hearing officer's ("DHO") decision) and 953241 (concerning the withholding of his property).[27] On April 16, 2018, Plaintiff filed Administrative Remedy 937119-FI at the institutional level challenging the DHO's decision regarding an incident report and sanctions that he wanted expunged.[28] That administrative remedy did not allege any constitutional violations by either Defendant Ebbert or Defendant Buebendorf.[29] Plaintiff filed Administrative Remedy 953241-Fl on September 12, 2018, regarding the withholding of his property after he arrived at USP Lewisburg, which Defendants note has been exhausted.[30]

---

[25] *Id.* at 3.
[26] *Id.*
[27] *Id.* at 4.
[28] *Id.*
[29] *Id.* at 5.
[30] *Id.* at 5.

## II. Standard of Review

### A. Motion to Dismiss

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations. The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." The court need not accept unsupported inferences, nor legal conclusions cast as factual allegations. Legal conclusions without factual support are not entitled to the assumption of truth.

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task for which the court should be guided by its judicial experience. The court must

dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.

### B. Motion for Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[31] A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[32] A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[33] The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[34] When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[35]

---

[31] Fed. R. Civ. P. 56(c).
[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[33] *Id.* at 250.
[34] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[35] *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[36] Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[37] "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[38] "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[39]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'"[40] Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[41]

Here, Plaintiff has failed to oppose the motion or the facts asserted in Defendants' Statement of Facts. Pursuant to Federal Rule of Civil Procedure 56(e),

---

[36] *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).
[37] *Anderson*, 477 U.S. at 257.
[38] *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[39] Fed. R. Civ. P. 56(e)(2)-(3).
[40] *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).
[41] *Celotex Corp.*, 477 U.S. at 322.

and after giving Plaintiff another opportunity to address those facts,[42] the Court reviewed the Statement of Facts as well as each citation to the record and will consider each fact undisputed.[43] A thorough and comprehensive review of the record makes clear that no material fact is in dispute as to the dispositive issue in this case. As such, summary judgment is appropriate here.[44]

## III. DISCUSSION

### A. Summary Judgment

Because the exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions,[45] the Court will first address the Motion for Summary Judgment related to exhaustion.

Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion, as a precondition for bringing suit, is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'"[46] "[T]he . . . exhaustion requirement applies to all inmate suits about

---

[42] *See* Fed. R. Civ. P. 56(e)(1).
[43] *See* Fed. R. Civ. P. 56(e)(2).
[44] *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").
[45] 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001))
[46] *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013).

9

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[47] A prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action.[48]

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'"[49] The burden of proving non-exhaustion lies with the defendants asserting the defense.[50] A court evaluating the "threshold" issue of exhaustion looks at whether the inmate "compli[ed] with the prison's specific grievance procedures" and whether those procedures were available to the inmate.[51]

The BOP's Administrative Remedy Program is a multi-tier process that allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."[52] The inmate first must attempt to informally resolve his issue with the institutional staff.[53] If informal resolution fails or is waived, the inmate then

---

[47] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[48] *Booth*, 532 U.S. at 741.
[49] *Jones v. Bock*, 549 U.S. 199, 218 (2007). *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) ("[W]hether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures.").
[50] *Jones*, 549 U.S. at 212, 216–17.
[51] *Rinaldi v United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Drippe*, 604 F.3d at 781, and *Small*, 728 F.3d at 269-71).
[52] 28 C.F.R. § 542.10.
[53] *See id.* § 542.13(a).

may submit a formal Administrative Remedy Request on the appropriate BP–9 form within twenty calendar days following the date for which the basis for the request occurred.[54] If the inmate is unsatisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP–10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response.[55] An inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel on the appropriate BP–11 form within thirty calendar days of the date the Regional Director signed the response.[56] An inmate's appeal to the General Counsel is the final administrative appeal.[57] Thus, to satisfy the PLRA's exhaustion requirement, a federal inmate must complete each step of the BOP's administrative remedy process, which is not considered complete until an inmate's final appeal is considered by the Central Office.[58]

In Defendants' Statement of Facts, which is undisputed for the purpose of this motion, it is clear that while he was incarcerated at USP Lewisburg, Plaintiff only exhausted the appeal of the sanctions imposed by the DHO resulting from an incident report regarding Plaintiff's use of special mail and the remedy regarding the withholding of his property. There is no dispute that the remainder of the issues of

---

[54] *See id.* § 542.14(a).
[55] *See id.* § 542.15(a).
[56] *See id.*
[57] *See id.*
[58] *See* 28 C.F.R. §§ 542.14-542.15; *Rinaldi*, 904 F.3d at 265; *Schreane v. Marr*, 722 F. App'x 160, 164 (3d Cir. 2018).

which Plaintiff has complained, including being housed in B Block, mail tampering, discrimination/retaliation, and prison privileges, are unexhausted.

As Defendants correctly point out in their motion, however, the grievance/appeal that Plaintiff exhausted concerning the disciplinary proceedings, was limited to the actions of the UDC and the DHO. That appeal did not raise any constitutional claims against either Defendant. "Courts in this Circuit have found that the exhaustion requirement for administrative remedies involving disciplinary decisions is distinct from the exhaustion requirement for civil rights actions seeking monetary damages."[59] Thus, although Plaintiff may have exhausted the incident report as it relates to disciplinary sanctions, which would be relevant if Plaintiff had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the disciplinary sanctions, he has not exhausted it to the extent he seeks to challenge an alleged constitutional violation by either Defendant.

That does not end the Court's inquiry. I must also consider whether the applicable administrative remedies were "available" to Plaintiff for those unexhausted claims. In *Ross v. Blake*,[60] the Supreme Court most recently outlined the three instances in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead end with officers unable or consistently unwilling to provide relief to aggrieved

---

[59] *Hatten v. Bledsoe*, 2018 WL 6985205, at *9 (M.D. Pa. Dec. 21, 2018) (citing *Reyes v. Jordan*, 2015 WL 5602912, at *4 (M.D. Pa. Sept. 23, 2015)).
[60] 136 S. Ct. 1850 (2016).

inmates;" (2) where the administrative remedies are so unclear that "no ordinary prisoner can make sense of what it demands;" and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[61]

Here, as Plaintiff has failed to oppose the motion at all, he makes no argument that he falls under one of these three categories, nor would they appear to apply to the undisputed facts presented. First, the administrative remedy procedure at USP Lewisburg does not appear to operate as a dead end because Plaintiff has utilized it many times before, including for the withholding of his personal property, which remedy he successfully exhausted. Second, the administrative remedy procedure is not so unclear as to be unavailable because Plaintiff has utilized it before and Plaintiff has, of course, submitted no evidence that he had difficulty utilizing it. The directions in the BOP's Administrative Remedy Program appear to be clear, and both easy to read and follow. Finally, there are simply no facts that prison officials seek to thwart the use of the grievance system at USP Lewisburg.

"[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him."[62] Plaintiff, by failing to oppose the motion, has now failed to establish that such remedies were unavailable to him. Accordingly, this Court

---

[61] *Id.* at 1859-60. *See also Rinaldi*, 904 F.3d at 266-67.
[62] *Rinaldi*, 904 F.3d at 268.

finds that as a matter of law, Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) prior to filing suit as to all issued raised in the Complaint except for the withholding of his personal property, and will grant Defendants' Motion for Summary Judgment as to those issues.

B. **Motion to Dismiss**

In their Motion to Dismiss, Defendants seek the dismissal of Plaintiff's exhausted claim regarding the withholding of his personal property after his transfer to USP Lewisburg based on the Supreme Court of the United States' decision in *Ziglar v. Abbasi*.[63] The *Ziglar* decision changed the landscape of civil rights remedies against federal employees. Whereas prior to *Ziglar*, courts construed the scope of cognizable suits brought pursuant to *Bivens* as coextensive with those brought pursuant to 42 U.S.C. § 1983, district courts are now directed to first analyze *Bivens* suits to determine whether the suit seeks to extend *Bivens* to "new contexts" and, if so, whether there are "special factors" that would counsel against extending *Bivens* liability to the new context.

In *Ziglar*, the Supreme Court explained that it has only recognized a *Bivens* remedy in three cases: (1) *Bivens* itself, which implied a damages action to compensate persons whose Fourth Amendment right to be free from unreasonable

---

[63] 137 S. Ct. 1843 (2017).

searches and seizures was violated by federal officers; (2) *Davis v. Passman*,[64] which recognized a right under the Due Process Clause of the Fifth Amendment for an administrative assistant to sue a member of congress for her firing because she was a women; and (3) *Carlson v. Green*,[65] in which the Court held that the Eighth Amendment's Cruel and Unusual Punishment Clause provides a damages remedy for failure to provide adequate medical care.[66] "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[67] As such, "expanding the *Bivens* remedy" beyond these contexts "is now a 'disfavored' judicial activity."[68]

Because expansion of *Bivens* is "disfavored," courts must use "caution before extending *Bivens* into any new context."[69] "A *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress."[70] A context is "new"—and therefore requires a special factors analysis—if it is "different in a meaningful way from previous *Bivens* cases decided by this Court."[71]

---

[64] 442 U.S. 228 (1979)
[65] 446 U.S. 14 (1980).
[66] *Ziglar*, 137 S. Ct. at 1854.
[67] *Id.* at 1855.
[68] *Id.*
[69] *Id.*
[70] *Id.*
[71] *Id.* at 1859.

In the matter at hand, Plaintiff's claim for relief is a new context that would extend *Bivens* liability because the Supreme Court has never recognized a *Bivens* remedy for a Fifth Amendment Due Process violation for the withholding of prisoner property.[72] Because Plaintiff's claim is a "new context," the Court must consider "'whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'"[73] "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."[74]

The Court concludes that alternative processes exist for the personal property claim raised by Plaintiff. First, the prison administrative grievance system is an alternative process that could be utilized to gain relief. That Plaintiff's administrative remedy regarding the withholding of his personal property was not successful does not mean that such a process does not exist as an alternative.[75] In

---

[72] *See Ziglar*, 137 S. Ct. at 1855 (articulating the only three contexts in which *Bivens* liability has been recognized); *Childress v. Palmer*, 2018 WL 4282601 (S.D. Cal. Sep. 7, 2018) (criminal defendant alleging due process violation for improper seizure of property a new *Bivens* context); *Kammeyer v. True*, 2019 WL 2616193 (S.D. Ill. June 26, 2019) (declining to create *Bivens* remedy for alleged destruction of inmate's property).
[73] *Vanderklok v. United States*, 868 F.3d at 200 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).
[74] *Ziglar*, 137 S. Ct. at 1858.
[75] *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (noting that "[s]o long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability"); *Railey v. Ebbert*, 407 F. Supp. 3d 510, 522 (M.D. Pa. 2019) (finding that prison administrative remedy system is still an alternative process even if prisoner had failed to seek relief through it).

addition, Plaintiff could seek to pursue claims under either 31 U.S.C. § 3723, which allows for small claims of up to $1,000.00 to be presented to the respective agency to redress damages caused by the negligent acts of a federal officer, or 31 U.S.C. § 3724, which allows the Attorney General to settle claims for losses of private property, among other things, caused by Department of Justice employees; this would likely include Defendants because the BOP is an agency within the Department of Justice.[76] These are alternative processes that Plaintiff could utilize to seek relief for the withholding of his personal property.

The Court's final step of inquiry is whether "'any special factors counsel hesitation before authorizing a new kind of federal litigation.'"[77] This inquiry focuses on whether the courts are well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.[78] A "special factor counselling hesitation" is a factor that "cause[s] a court to hesitate before answering that question in the affirmative."[79] "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts? The answer most often will be Congress."[80]

---

[76] *See Railey*, 407 F. Supp. 3d at 5222 (citing *Cox v. True*, No. 19-cv-418, 2018 WL 6928796, at *4 (S.D. Ill. Sept. 20, 2018)).
[77] *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (quoting *Bush v. Lucas*, 462 U.S. 367, 378 (1983)).
[78] *Ziglar*, 137 S. Ct. at 1857-58.
[79] *Id.* at 1858.
[80] *Id.* at 1857 (quoting *Bush*, 462 U.S. at 380).

The Court finds that prison administration is a special factor precluding the extension of *Bivens* to Plaintiff's Fifth Amendment due process claim. "[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform . . . . Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government."[81] "Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint."[82]

"[I]n any inquiry respecting the likely or probable intent of Congress, the silence of Congress is [also] relevant."[83] Congress has not provided a legislative remedy for prisoners alleging constitutional deprivations against federal employees in the prison administration contexts, despite providing one for prisoners as against state prison employees.[84] Congress's silence is especially persuasive because it has enacted legislation affecting federal prisoners many times, and in each instance, has

---

[81] *Turner v. Safley*, 482 U.S. 78, 84–85 (1987) (internal citations and quotation marks omitted).
[82] *Id.* at 85. *See also Ziglar*, 137 S. Ct. at 1857 ("When a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis.").
[83] *Ziglar*, 137 S. Ct. at 1862.
[84] *See* Civil Rights Act of 1871, Pub. L. No. 42−22, 17 Stat. 13 (codified in part at 42 U.S.C. § 1983).

declined to include a damages remedy for constitutional violations against federal employees.[85]

Because there are alternative processes available to Plaintiff and because prison administration is already regulated by the legislative and executive branches, the Court finds that those branches should determine whether an action for damages for claims of withholding personal property in violation of the Fifth Amendment's Due Process Clause exists. Given the constraints of *Ziglar*, the Court will not extend *Bivens* here and will grant the Motion to Dismiss as it relates to Plaintiff's exhausted claim regarding the withholding of his personal property.

## IV. CONCLUSION

Based on the foregoing, the Motion to Dismiss, or in the alternative, for Summary Judgment will be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[85] *See, e.g.*, First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5195; Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified in part at 28 U.S.C. § 2255); Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-140, 110 Stat. 1321 (codified in part at 42 U.S.C. §§ 1997e); Crime Control Act of 1990, 104 Stat. 4789 (creating requirement that federal prisoners shall work); Act of May 27, 1930, Pub. L. No. 71-271, 46 Stat. 391 (establishing what is now known as UNICOR, which administers the federal prison workplace).